IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK M. MUNIZ,

        Petitioner,

vs.                                                                         No. CIV 03-300 BB/LFG

DAVID TRUJILLO, Warden, and
THE ATTORNEY GENERAL of the
STATE OF NEW MEXICO,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed March 10, 2003. Respondents filed both an Answer [Doc. 9] and a motion to dismiss [Doc. 10] on April 25, 2003. On May 5, 2003, Petitioner filed a document styled "Traverse" [Doc. 13], which includes his response to the motion to dismiss. No reply has been filed. For the reasons given below, the Court finds that Respondents' motion to dismiss is well taken and recommends that the petition be dismissed.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Petitioner Frank M. Muniz ("Muniz") is currently confined in the Penitentiary of New Mexico in Santa Fe, New Mexico, on a Judgment, Sentence and Commitment entered September 17, 2001 by the Thirteenth Judicial District Court in State v. Muniz, VA 99-280 (County of Valencia). Muniz's sentence in that case is running concurrently with the sentence in an earlier conviction; *see,* Judgment, Partially Suspended Sentence and Commitment entered November 29, 2000 by the Second Judicial District Court in State v. Muniz, No. CR-00-01255 (County of Bernalillo, New Mexico) [Doc. 9, Ex. C; Doc. 13, Ex. A].

3. Petitioner, however, does not directly challenge either of these convictions or sentences. Rather, he claims that a much earlier conviction, which he alleges was used to enhance his sentence in cause CR-00-01255, is constitutionally invalid. That earlier conviction was State v. Muniz, No. 19059 (County of Bernalillo), for which Judgment and Sentence was rendered on March 3, 1969.[2] It is actually the 1969 conviction which Muniz challenges in this habeas petition, arguing that his guilty plea in that case was involuntary, on two grounds: (1) he was impaired by withdrawal symptoms at the time he entered the plea, and (2) because certain promises of leniency, in exchange for his plea, were not kept.

4. Respondents raise several issues in their Motion to Dismiss, including an argument that the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d) has expired on any challenge to the 1969 conviction. The Court agrees that the limitations period has expired, and it will recommend dismissal on that basis.

---

[2]Muniz states in his Petition that the conviction in Cause No. 19059 occurred in 1968. However, the documentation supplied by Respondent with his Answer indicates that Muniz pled guilty in Cause No. 19059 on January 31, 1969, and that Judgment and Sentence were entered on March 3, 1969 [Doc. 9, Ex. B]. The Court will therefore refer to this case as the "1969 conviction."

5. AEDPA amended federal habeas corpus procedures by adding a one-year statute of limitations for § 2254 petitions. Prisoners in the position of Muniz, whose conviction became final before AEDPA took effect, are given one year after AEDPA's effective date, that is, until April 24, 1997, to file a federal habeas petition. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Muniz filed his petition in federal court on March 10, 2003, almost five years after the limitations period expired.

6. Although "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244 (d)(2), Muniz's first challenge to the 1969 conviction was not filed in state court until February 2002, well after the limitation period under AEDPA had already expired. Neither that petition, nor any later post-conviction proceedings brought by Muniz, could have the effect of tolling a limitation period that had already run. *See*, Hernandez v. LeMaster, No. 98-2042, 1999 WL 34809, at \*\*2 (10th Cir. Jan. 28, 1999), in which the Tenth Circuit refused to allow tolling under AEDPA, when "there is no indication in the record that Hernandez took any steps to pursue his federal claims between April 24, 1996 [the effective date of AEDPA and the date the period started to run], and April 17, 1997 [the date petitioner first communicated with the state court for information on postconviction remedies]. Hernandez' one-year period of limitation expired on April 23, 1997, prior to his filing of an application for post-conviction relief in state court." Similarly, there is no indication that Muniz took any action to challenge his 1969 conviction at any time between April 24, 1996 and the time the limitations period expired on April 24, 1997. Thus, there can be no statutory tolling.

7. The AEDPA statute of limitation is, however, also subject to equitable tolling in

3

"extraordinary circumstances over which [the] inmate had no control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). The petitioner seeking this equitable remedy must demonstrate, however, that he has diligently pursued his claims. Id.

8. Muniz appears to be arguing that his petition should be subject to equitable tolling based on the fact that it would be unfair to allow the prosecution to "revive a thirty-five (35) year old conviction long enough to enhance a present sentence," without also allowing petitioner the opportunity to "exhume the 35 year old conviction to constitutionally analyze procedures that produced the conviction and sentence." [Doc. 13, at 2]. The answer to this argument is that Muniz had a year from April 1996 until April 1997 to challenge the 1969 conviction, and he failed to do so, even though he was aware of the factual predicate of the claim he now makes, *i.e.*, that he was allegedly impaired by drug withdrawal at the time of his guilty plea and that he was allegedly promised, but not given, leniency in exchange for his guilty plea. The fact that it did not occur to him that the 1969 conviction might be used to enhance a later sentence does not excuse his failure to make any challenge to the earlier conviction, and it does not demonstrate due diligence.

9. Muniz states in his petition that it is the 1969 conviction which he intends to challenge. However, the petition could be construed by the Court as asserting a challenge to the more recent sentences, as enhanced by the allegedly invalid prior conviction. This approach might assist Muniz with his limitations problems but it does not provide him any substantive relief, for the Supreme Court holds that such claims are not cognizable in federal habeas proceedings:

> we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid . . . If that conviction is later used to enhance a criminal

4

>sentence, the defendant generally may not challenge the enhanced
>sentence through a petition under § 2254 on the ground that the prior
>conviction was unconstitutionally obtained.

Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04, 121 S. Ct. 1567, 1574 (2001) (effectively abrogating prior Tenth Circuit law). The Supreme Court based this ruling on two basic considerations:

>The first and most compelling interest is in the finality of convictions.
>Once a judgment of conviction is entered in state court, it is subject to
>review in multiple forums . . . [but] '[t]hese vehicles for review are not
>available indefinitely and without limitation' . . . A defendant may
>choose not to seek review of his conviction within the prescribed time.
>Or he may seek review and not prevail . . . In each of these situations,
>the defendant's conviction becomes final and the State that secured
>the conviction obtains a strong interest in preserving the integrity of
>the judgment

Id., 532 U.S. at 402-03. The second ground is one that also undergird statutes of limitations:

>Federal courts sitting in habeas jurisdiction must consult state court
>records and transcripts to ensure that challenged convictions were
>obtained in a manner consistent with constitutional demands. As time
>passes, and certainly once a state sentence has been served to
>completion, the likelihood that trial records will be retained by the
>local courts and will be accessible for review diminishes substantially.

Id., 532 U.S. at 403.

10. The Court in Lackawanna County District Attorney v. Coss recognized two narrow exceptions to its holding. The first occurs when the habeas petition challenges an enhanced sentence on the basis that the petitioner was deprived of his right to appointed counsel under Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792 (1963). Muniz does not allege that he was deprived of counsel, and the record demonstrates that he was represented by counsel in the 1969 proceedings. [Doc. 9, Ex. B].

5

11. The second exception arises in circumstances where the petitioner cannot be faulted for failing to pursue review of the earlier conviction; for instance, when the state court refuses to rule on a constitutional claim properly brought before it, or the defendant discovers compelling evidence of actual innocence after the time for direct or collateral review has expired. <u>Lackawanna County</u>, *supra,* 532 U.S. at 404-06; <u>Smith v. Ward</u>, 43 Fed. Appx. 302, 304, 2002 WL 1751318 (10th Cir. July 26, 2002). Neither of these circumstances is applicable in the present case. There is no indication from the record, nor does Muniz allege, that he was thwarted in any attempt to obtain review of his 1969 conviction (he made none), nor that he has compelling evidence of actual innocence of the forgery charge for which he was convicted in 1969.

12. The Court finds that the statute of limitations has run on Muniz's claim and, even if it had not, this Court would be without jurisdiction to entertain the claim under the rule of <u>Lackawanna County District Attorney v. Coss</u>, *supra*.

### **Recommended Disposition**

That Respondents' Motion to Dismiss [Doc. 10] be granted, that Muniz's petition be denied, and the case dismissed with prejudice.

        */s/ Lorenzo F. Garcia*
        Lorenzo F. Garcia
        Chief United States Magistrate Judge